**IN THE MATTER OF THE ESTATE OF AUTWELL GARVEY,
Deceased**

Probate No. 80/1997

Territorial Court of the Virgin Islands

Div. of St. Croix

December 5, 1997

Donovan M. Hamm, Jr., Esq., Christiansted, U.S.V.I., *for Petitioner*

Gregory Miller, Esq., Christiansted, U.S.V.I., *for Respondent*

STEELE, *Judge*

### MEMORANDUM OPINION

## I. Introduction

On August 24, 1997, Autwell E. Garvey, hereinafter "decedent," died intestate leaving three adults heirs from a first marriage, and a minor heir from a second marriage. On September 10, 1997, decedent's minor child, Acenith K. Garvey, by and through her

mother, hereinafter "petitioner," — whom decedent divorced prior to his death — petitioned for administration of decedent's estate, and for the appointment of an administrator for the estate on behalf of the minor heir. On September 11, 1997, decedent's sister, Althea I. Garvey, hereinafter "respondent," petitioned to administer the estate requesting appointment of herself as administratrix. With two Petitions for Administration before the Court, it became immediately apparent to the parties that one of the Petitions must be dismissed. Accordingly, dismissal Motions accompanied by Legal Memoranda were filed, posing the issue of whether a minor heir, who is statutorily incompetent from holding a fiduciary office of administrator, may through his mother or guardian, petition for the appointment of an administrator to administer an estate on minor's behalf?

## II. Facts

Simple and uncontroverted facts characterize this matter.

On August 21, 1997 decedent died intestate leaving three adult children from a first marriage, and one minor daughter, Acenith K. Garvey, from a second marriage that decedent had dissolved prior to his death. On September 10, 1997, petitioner, decedent's second ex-wife, on behalf of decedent's minor heir, filed petition praying for appointment of an administrator to administer decedent's estate, and for appointment of a guardian ad litem for the minor. On September 11, 1997, decedent's sister, respondent, petitioned for probate of decedent's will, appointment of herself as administratrix, and for appointment of a guardian ad litem for decedent's minor daughter. Since the Court could entertain only one petition concerning an estate, each party filed Motions requesting dismissal of the other's Petition for Administration.

Petitioner's dismissal Motion posits three arguments. First, petitioner asserts that since her petition was first filed, respondent's petition should be dismissed on the ground that the "first to reach the courthouse should be the prevailing petition." Second, petitioner argues that the minor, as decedent's next of kin, is in a "superior position" over respondent — who according to petitioner's counsel is not a next-of-kin — to petition this Court for administration of decedent's estate. Finally, in the alternative,

petitioner contends that respondent is disqualified from administering the estate on grounds that her personal interests are adverse to those of the estate resulting in an unacceptable conflict of interest scenario.

Respondent's dismissal Motion is predicated on a two fold argument; first, due to the procedural infirmity of petitioner's Petition, and in the alternative, petitioner's lack of compliance with section 236 of Title 15 of the Virgin Islands Code; interestingly, the very same statute petitioner also relies upon in her dismissal Motion.

## III. Discussion

The essential issue before this Court may be reduced to the following simple question: whether a minor heir who is statutorily incompetent or disqualified to hold the office of administrator may petition the Court and nominate a person without priority of appointment as administrator to administer the estate on his behalf. The Court answers this question in the negative.

*A. Petitioner May Not Nominate a Person to Administer the Estate on Behalf of Decedent's Minor Heir*

In the U.S. Virgin Islands, the laws pertaining to the qualifications, priority of appointment, and appointment of administrators or executors are codified under Title 15 of the Virgin Islands Code, Chapter 15. These statutes provide clear and concise rules governing appointment and qualifications of administrators. Relevant to the resolution of this matter is the application of 15 V.I.C. §§ 235, 236, which statutory provisions address the issues of priority of appointment of administrators, as well as capacity and qualification requirements. Accordingly, each section will be addressed, and their influence upon this case examined.

Title 15, section § 235 clearly sets forth who is not qualified to hold the office of administrator or executor, which reads in pertinent part:

(a) The following persons are *not* qualified to act as executors or administrators: nonresidents of the Virgin Islands, *minors,* judicial officers of the district court, persons of unsound mind, or who have been convicted of

70

any felony or of a misdemeanor involving moral turpitude: . . . .

(b) . . . . .

(c) Notwithstanding the provisions of section (a) of this section, a nonresident of the Virgin Islands named in a will as executor may be appointed to act as such executor provided:

    (1) he otherwise qualifies under said subsection (a)

    (2) he files such bond . . . .

    (3) he appoints an agent or attorney resident in the Virgin Islands . . . .

15 V.I.C. § 235 (Emphasis supplied).

■ The language of paragraph (a) of the statute is clear as to who does not qualify to hold the office of executor or administrator. The privitive language of 15 V.I.C. § 235 specifically excludes certain persons from holding the office of administrator. Moreover, with the exceptions of non-residents, as provided in 15 V.I.C. § 235(c), the statute does not allow an incompetent person to appoint someone else to act as administrator on his behalf. The qualifications of administrator are uniquely personal; and where a person is statutorily disqualified, the right to administer an estate passes to other members of the same priority class. Thus, where a person is disqualified to hold the trust office as provided in 15 V.I.C. § 235(a), that person may not nominate others to execute the office on his or her behalf. With the exception of nonresidents, the language of section 235 does not allow any of the listed statutorily disqualified persons to nominate another person without priority of appointment to act as administrator on their behalf. If the legislature intended to allow disqualified individuals from appointing someone else to administer the estate on their behalf, the legislature should expressly and clearly state so, in the same manner they did for nonresidents.

■ Here, although the minor heir falls within the class of persons entitled to priority of appointment as administrator under 15 V.I.C. § 236(a)(1), section 235(a) of Title 15 bars the minor heir from holding office for want of emancipatory age. Since section 235

does not expressly allow an incompetent to nominate someone else to administer the estate on his behalf, the minor heir's right to administer the estate is suspended until the incompetency is removed by her emancipation. Thus, the Court holds that where a minor heir has priority in being appointed administrator under 15 V.I.C. § 236, but is disqualified for want of emancipatory age, such heir may not nominate someone else without priority of appointment to administer the estate on her behalf.

Furthermore, decedent died leaving qualified and competent next-of-kin to administer his estate. As between the decedent's minor and respondent, respondent is clearly statutorily qualified to administer the estate, and is entitled to petition the Court for Letters of Administration.

Although at this point the Court may decline to address the issue posed by petitioner's counsel concerning the priority of appointment, having found that the minor heir is statutorily disqualified, we find it nevertheless necessary to address the issue of priority of appointment to clarify the confusion caused by the misapplication of 15 V.I.C. § 236. Section 236 of Title 15 lists three classes of individuals who have priority of appointment, as is outlined in the below statutory language:

> (a) Administration of the estate of an intestate shall be granted and letters thereof issued, to
>
> (1) the widow or *next of kin*, or both, in the discretion of the court;
>
> (2) one or more of the principal creditors; or
>
> (3) any other person competent and qualified whom the court may select.
>
> (b) . . . .

15 V.I.C. § 235(a) (Emphasis added).

In resolving this matter, we rely first on the clear plain language of these sections. Upon a reasonable reading, the Court finds no ambiguity in the language of the foregoing statute that necessitate different interpretations other than the reasonable interpretations produced by the statute's already clear language. Thus, the Court rejects as meritless any readings of 15 V.I.C. § 235 spawning

interpretations other than what the statute's already clear language provides.

Before resolving the issue of whether respondent is entitled to priority of appointment as administrator, this Court will first address petitioner's unsubstantiated and varying meaning of the term "next-of-kin." Petitioner argues that the minor heir is in a "superior position" because respondent, decedent's sister, does not fall within the definition of next-of-kin. In support of this view, petitioner cites 15 V.I.C. §§ 1 and 84.

Section 1 of Title 15 of the Virgin Islands Code defines the term "next-of-kin"[1] as the "distributees, including a surviving spouse, who are defined in section 84 of the title." 15 V.I.C. § 1. Nothing in the language of 15 V.I.C. § 1 provides any preference of one next-of-kin over the other, nor does such statutory language excludes siblings from being next-of-kin. Moreover, section 1 situates equally all persons who are defined as next-of-kin, without any distinctions among such persons. Notwithstanding the clarity of this definition, petitioner's counsel urges the court to read 15 V.I.C. § 1, along with the statutory language of 15 V.I.C. § 84, as preferring decedent's children over his siblings. We find this assertion simply contentious.

First, 15 V.I.C. § 84 deals with the priority of distribution of an intestate estate and NOT the priority of appointment of administrators to administer same estate. The fact that 15 V.I.C. § 84 provides preferential distribution to certain individuals of decedent's next-of-kin, such as the widow or children, cannot also be read to also provide priority as to the administration of the estate. Accordingly, we reject the argument that the intestate distribution statute, as outlined under 15 V.I.C. § 84, is intended in any way to create preferential classes among individuals who are decedent's next-of-kin.

Moreover, 15 V.I.C. § 84 states that the "real property of a deceased person, . . ., not devised shall descend . . . to the

---

[1] The term "next-of-kin" is generally defined as "(1) nearest blood relations according to law of consanguinity and (2) those entitled to take under statutory distribution of intestate's estates, and term is not necessarily confined to relatives by blood, but may include a relationship existing by reason of marriage, . . . ." BLACK'S LAW DICTIONARY 1046 (6th ed. 1990).

surviving spouse, children, or next of kin or other persons." 15 V.I.C. § 84. Thus, although 15 V.I.C. § 84 provides priority of distribution to certain persons in the distribution of an intestate estate, it does not govern the issue of priority in appointment of administrator; such priority is statutorily delineated in 15 V.I.C. § 236, and certainly there is no room for the application of 15 V.I.C. § 84 to the instant issue of priority of appointment of administrator. Moreover, to construe 15 V.I.C. § 84 as also governing the law of appointment of administrators would be to unacceptably supplant and replace the provisions of Chapter 15 of Title 15 of the Virgin Islands Code dealing with qualifications, priorities, and appointment of administrators.

■ In sum, we find no language in the definition of 15 V.I.C. § 1 to substantiate the position that a decedent's child is in a "superior position" to other persons who fall under the term "next-of-kin." Moreover, 15 V.I.C. § 84 only provides preferential distributions to a decedent's widow and children; it does not circumscribe the definition of "next-of-kin" nor govern the law regarding the appointment and qualifications of administrators.

*B. Petitioner Provides no Evidence Demonstrating Conflict of Interest by Respondent*

Petitioner finally points that respondent should be denied appointment as administrator on grounds that respondent's personal interests conflict with those of the estate and the minor. In weighing the legal merits and factual basis of such assertion, the Court carefully reviewed petitioner's motion, and awaited responses from the guardian ad litem for the minor, decedent's adult heirs, creditors, or any other interested party prior to the appointment of respondent as administrator. Moreover, Title 15 provides a statutory mechanism to protect the interest of minors in probate proceedings, mainly through the requirement that guardian ad litem for all minor heirs consent or object to the appointment of an administrator.

In the instant matter, the minor heir's guardian ad litem is free to object to the appointment of respondent as administrator if respondent is revealed to harbor any interests adverse to that of the estate and the minor. Further, the Court is ever watchful over the

conduct of administrators and executors, and any perceived conflict could easily be brought to the Court's attention by any interested party, the estate's attorney, or the minor's guardian ad litem.

As the Court finds no specific facts alleged by petitioner to substantiate her claim of conflict of interest, and finding no opposition by any party to respondent's petition for appointment as administratrix, we find petitioner's assertions without substantiated facts to show the source of the alleged conflict of interest. Accordingly, we decline to grant any merits to this contention.

## III. Conclusion

The Virgin Islands Probate Code, under Title 15, clearly outlines the classes of persons entitled to priority in the administration of an estate; and expressly disqualifies certain persons from holding the office of administrator. Moreover, with the exception of adults who are disqualified only due to their residency status, no other person statutorily considered incompetent or disqualified may nominate another person on their behalf to administer the estate, especially when available, as in this case, are individuals with priority of administration competent and willing to administer the estate. Finally, the evidence in this matter does not substantiate any grounds disqualifying the sister from being appointed administratrix.

DATE: December 5, 1997.

### ORDER

This matter is before the Court upon the filing of two probate petitions reflecting separate file numbers to administer decedent's estate. Petitioner, Muriel Garvey, mother of decedent's minor heir, Acenith Dela Kande Garvey, filed probate proceedings, P79/1997, on September 11, 1997, and requested the appointment of an administrator to administer decedent's intestate estate on behalf of the minor heir. Respondent, Althea Iona Garvey, sister of the deceased, filed a petition for probate, P80/1997, on September 12, 1997, nominating herself as the administratrix.

Since this Court will not entertain two separate probate petitions concerning the same estate, each of the parties, in turn, petitioned

the Court for dismissal of the other's petition. Due to the novel nature of the issues raised in the motions and their accompanying supporting memoranda, the Court shall issue a memorandum opinion on October 31, 1997 providing a discussion of the issues raised, and the applicable provisions of the V.I. Probate Code.

The Court being otherwise duly apprised in the premises of the parties' motions, the factual posture of the case, the applicable provisions of the Virgin Islands probate code, the potential need for the appointment of a guardian ad litem for the minor in this probate action, and concluding that two probate proceedings of the same estate will not be entertained, it is hereby

ORDERED that Motion of Althea Garvey to Dismiss Petition of Administratrix.

GRANTED: a copy of the memorandum opinion informing the parties of the adjudicatory grounds upon which this Order is predicated shall be provided to the parties of record on October 31, 1997.

ORDERED that the probate file reflecting the file index number 79/1997 is hereby DISMISSED.

ORDERED that Petitioner may petition this Court for the appointment of a guardian ad litem for the minor in this probate proceeding.

ORDERED that copies of this Order be served upon the parties.

DONE AND SO ORDERED this 7th Day of October, 1997.